FILED

07/11/2025

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 9, 2025

**STATE OF TENNESSEE v. ANTONIO K. CHAMPION**

**Appeal from the Circuit Court for Madison County**
**No. C-24-232      Kyle C. Atkins, Judge**

_____

**No. W2024-01604-CCA-R3-CD**

_____

Movant, Antonio K. Champion, appeals from the trial court's denial of his motion to correct an illegal sentence related to his guilty-pleaded convictions in Madison County Circuit Court case numbers 22-488 and 22-489.[1]  On appeal, he argues that the trial court erred by denying his motion because he was improperly sentenced as a Range II offender based upon several prior convictions, which he asserts also involved "illegal" sentences. After a thorough review of the record, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR., and MATTHEW J. WILSON, JJ., joined.

Antonio K. Champion, Hartsville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Deputy District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

The record before us reflects that, on November 28, 2022, Movant pleaded guilty in case number 22-488 to two counts of possession of more than 0.5 grams of cocaine with

_____

[1] Movant filed a "Petition to Correct an Illegal Sentence Pursuant to Tennessee Rule of Criminal Procedure 36.1" claiming that the effective twenty-one-year sentence in case numbers 22-488 and 22-489 was illegal.  Because Rule 36.1(a)(1) provides for the filing of a motion, we will refer to the pleading as a motion.  The motion was filed under a new case number.

the intent to sell, as well as two counts of possession of marijuana with the intent to sell. The trial court merged the convictions to reflect one count each of possession of cocaine with the intent to sell and possession of marijuana with the intent to sell and sentenced Movant, as a Range II offender, to respective sentences of twelve and two years, to be served concurrently.

On the same date, Movant pleaded guilty in case number 22-489 to two counts of possession of cocaine[2] with the intent to sell and one count of tampering with evidence. The trial court merged the two cocaine charges and sentenced Movant, as a Range I offender, to nine years. The trial court also sentenced Movant, as a Range II offender, to a concurrent nine-year sentence for tampering with evidence. The trial court ordered that the sentence in case number 22-489 run consecutively to the sentence in case number 22-488, for an effective sentence of twenty-one years. Movant did not appeal from his convictions.[3]

On September 4, 2024, Movant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 ("Rule 36.1 motion"). Although the motion is less than clear, Movant argued that his twenty-one-year sentence was unauthorized by statute because he was sentenced as a Range II offender based upon "illegal convictions used to enhance" his sentence. He submitted that "illegal and thereby void sentences cannot be used to establish [Movant's] appropriate range." Movant attached to the Rule 36.1 motion a copy of the State's "Notice of Request for Enhanced Punishment," which included prior convictions in Madison County Circuit Court case numbers 97-601, 97-815, 98-105, 98-853, and 02-454 ("the prior convictions").

We note that Movant's argument is identical to the claims he raised in a prior Rule 36.1 motion related to the prior convictions, in which he claimed that his concurrent alignment of the sentences in those cases violated Tennessee Code Annotated section 40-20-111(b) because he committed several of the offenses while released on bond. *See State v. Champion*, No. W2016-00675-CCA-R3-CD, 2016 WL 7654947, at *1 (Tenn. Crim. App. Sept. 9, 2016) (memorandum opinion). In that case, the trial court denied the petition because all of the sentences had expired, and this court affirmed. *Id.*

---

[2] The quantity of cocaine involved in case number 22-488 is not specified in the record.

[3] We note that the record does not include the plea agreement, and it is not apparent whether the sentences or Movant's offender classification were agreed upon or set by the trial court. In addition, the technical record only includes the judgments of conviction for Count 2 (possession of cocaine with intent to sell) and Count 3 (possession of marijuana intent to sell) in case number 22-488 and Count 1 (possession of cocaine with intent to sell) and Count 3 (tampering with evidence) in case number 22-489. Count 2's judgment in case number 22-488 only reflects that it was merged with Count 1 and does not contain a sentence length. Our recitation of the facts relative to the remaining counts of the indictments is drawn from the trial court's order denying Movant's motion to correct an illegal sentence.

On September 13, 2024, the trial court entered an order denying the instant Rule 36.1 motion, finding that the sentence for each count was within the appropriate range and that the sentences were not illegal. Movant timely appealed.

## Analysis

On appeal, Movant asserts that the trial court erred by denying his Rule 36.1 motion. He asserts that the prior convictions were illegally ordered to run concurrently and requests that they be vacated. He contends that the prior sentences were material to his plea agreement in case numbers 22-488 and 22-489 and that, if he had known he was "being over sentenced outside of his appropriate range," he would not have entered his guilty pleas. The State responds that Movant did not state a colorable claim for relief under Rule 36.1 and that the trial court properly denied relief.

Tennessee Rule of Criminal Procedure 36.1 allows a defendant or the State to seek correction of an illegal sentence. As provided in Rule 36.1, an illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). "[A] Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief." *Id.* at 593. Under Rule 36.1, a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief[.]" *Id.* "If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). Whether a Rule 36.1 motion states a colorable claim for correction of an illegal sentence is a question of law which this court reviews de novo. *Wooden*, 478 S.W.3d at 589.

"[M]istakes in sentencing are inevitable, but few sentencing errors render sentences illegal." *Id.* at 595. "Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors." *Id.* Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. *Id.* Appealable errors are errors "for which the Sentencing Act specifically provides a right of direct appeal." *Id.* Only fatal errors render the sentence illegal and void. *Id.* (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)). Imposition of a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute" is a fatal error. *Id.*; *see* Tenn. R. Crim. P. 36.1(a).

As a preliminary matter, Rule 36.1(a)(1) states that "[t]he movant must attach to the motion a copy of each judgment order at issue[.]" In this case, Movant has not attached the judgment for Count 1 of case number 22-488, into which Count 2 was merged.

- 3 -

Accordingly, we limit our review to Count 3 of case number 22-488 and Counts 1 and 3 of case number 22-489.

Relative to Movant's assertion that the trial court improperly sentenced him as a Range II offender, if true, this would be an appealable error, not a fatal error. *See* Tenn. Code Ann. § 40-35-106(d); *Wooden*, 478 S.W.3d at 595. This court has stated, "The only time an error in the classification of an offender would ever rise to the level of an illegal sentence would be if a trial court, somehow, classified a defendant in a category not available under the statutes." *State v. Davis*, No. W2022-01404-CCA-R3-CD, 2023 WL 3916274, at *4 (Tenn. Crim. App. June 9, 2023) (citing *Cantrell*, 346 S.W.3d at 458-59), *perm. app. denied* (Tenn. Nov. 20, 2023). That is clearly not the case here—Movant was classified as a Range II offender based upon his prior convictions, and all of his sentences were within the appropriate range. Movant's attempt to relitigate his prior Rule 36.1 motion relative to the prior convictions is unavailing, and the trial court properly denied relief.

Movant also asserts—without further argument, citations to authority or the record, or a statement of the standard of review—that his being affected by "an expired illegal sentence" is unconstitutional. This issue has been waived because Movant did not adequately brief it. *See* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court"); Tenn. R. App. P. 27(a)(7) (stating that an appellant's argument shall include "citations to the authorities and appropriate references to the record . . . relied on" and "for each issue, a concise statement of the applicable standard of review"). We note, though, that a Rule 36.1 motion is not an appropriate avenue for constitutional claims, which are properly raised in a post-conviction petition, and that the deadline to file for post-conviction relief in case numbers 22-488 and 22-489 has long since passed. *See* Tenn. Code Ann. § 40-30-102(a) (stating that a petition for post-conviction must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final"); *State v. Carter*, No. W2014-02081-CCA-R3-CD, 2015 WL 3492509, at *2 (Tenn. Crim. App. June 1, 2015).

Additionally, Movant argues that the trial court did not make the appropriate findings of fact and conclusions of law in its order denying his Rule 36.1 motion. Although Movant does not specify which findings and conclusions are missing, he cites to Rule 36.1(c)(3) and (4), which governs the procedure a trial court must follow *after* concluding that a sentence is illegal:

> (3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of

- 4 -

the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea[.]

. . . .

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Because the trial court concluded that Movant's sentences were not illegal, it was not required to make additional findings regarding the materiality of the sentences to the plea agreement. The trial court's order contains sufficient findings of fact to support its conclusion that Movant's in-range sentences were not illegal. Movant is not entitled to relief.

## Conclusion

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

s/ *Robert L. Holloway, Jr.*
ROBERT L. HOLLOWAY, JR., JUDGE